United States District Court
Southern District of Texas
ENTERED

MAY 19 2006

Michael N. Milby, Clerk of Court
By Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| RICHARD L. DOCKUM, | § § § § | |
| Plaintiff, | | |
| v. | § § § § § § | CIVIL ACTION NO. B-06-025 |
| WAL-MART STORES TEXAS, LP, | | |
| Defendant. | | |

## OPINION & ORDER

BE IT REMEMBERED that on May 18, 2006, the Court considered Plaintiff's Motion to Grant Law Suit on the Grounds of Defendant's Noncompliance to Rule 16(F), Dkt. No. 12, and Defendant's Response to Plaintiff's Motion to Grant Law Suit on the Grounds of Defendant's Non-Compliance to Rule 16(F) and Motion to Dismiss for Plaintiff's Refusal to Sign Joint Discovery/Case Management Plan Under Rule 26(f), Dkt. Nos. 14, 15.

I.  **Background**

This case arises out of an accident allegedly suffered by Plaintiff on July 4, 2003 at a Wal-mart store in Brownsville, Texas. Dkt. No. 1, Ex. A, at 2. Plaintiff contends that, while shopping in the store, he fell and suffered injuries. *Id.* Plaintiff further contends that his fall occurred because he slipped on rain water which had accumulated due to leaks in the ceiling of the store. *Id.* Plaintiff also alleges that he requested assistance from a nearby store employee and that the employee and the store manager refused to help him or to call for emergency aid. *Id.* at 2–3.

Plaintiff filed suit in state court based on this event on June 29, 2005. *Id.* at 1. After receiving service of process on January 23, 2006, Defendant removed the case, based on diversity jurisdiction, on February 9, 2006. Dkt. No. 1, at 1.

Plaintiff moved for remand of the case, or of at least portions of the case, on

March 21, 2006. Dkt. No. 6. Defendant filed its opposition to remand eight days later. Dkt. No. 7. The Court denied Plaintiff's motion on April 27, 2006. Dkt. No. 11. The Court also reprimanded defense counsel at that time, based on conduct which was "uncalled-for and unbecoming of an officer of the Court," and admonished him that he "should restrain himself in the future from including unnecessary, inflammatory, and unprofessional statements in motions and pleadings filed with this Court." *Id.* at 1 n.1.

## II.   Standard for Rule 16(f)

Federal Rule of Civil Procedure 16(f) authorizes a court to impose sanctions on a party or a party's attorney for improper conduct regarding scheduling or pretrial orders and conferences. The Rule states:

> If a party or party's attorney fails to obey a scheduling or pretrial order, or if no appearance is made on behalf of a party at a scheduling or pretrial conference, or if a party or party's attorney is substantially unprepared to participate in the conference, or if a party or party's attorney fails to participate in good faith, the judge . . . may make such orders with regard thereto as are just, and among others any of the orders provided in Rule 37(b)(2)(B), (C), (D). In lieu of or in addition to any other sanction, the judge shall require the party or the attorney representing the party or both to pay the reasonable expenses incurred because of any noncompliance with this rule, including attorney's fees, unless the judge finds that the noncompliance was substantially justified or that other circumstances make an award of expenses unjust.

FED. R. CIV. P. 16(f) (2005). Included amongst the possible forms of sanction available to the court are excluding evidence, excluding claims or defenses, striking pleadings, dismissing the action, granting default judgment, and holding the offending party or attorney in contempt. *See* FED. R. CIV. P. 37(b)(2)(B), (C), (D) (2005). Courts are also permitted to impose fines against the offender or to prohibit an attorney from "practicing before the court for a specified period of time." Gayden v. Galveston County, Texas, 178 F.R.D. 134, 136 (S.D. Tex. 1998) (citations omitted).

The most severe sanction that may be imposed for misconduct related to pretrial or scheduling orders and conferences is to dismiss the case with prejudice. However, "[a] district court cannot impose the extreme sanction of dismissal under Rule 16(f) unless the court first finds that a lesser sanction would not have served the interests of

justice." Bann v. Ingram Micro, Inc., 108 F.3d 625, 627 (5th Cir. 1997) (citation omitted). Additionally, the court must generally find that the party or attorney to be sanctioned acted willfully or in bad faith, that there is "a clear record of delay or contumacious conduct" by the offending party, and/or that at least one of three aggravating factors is present before dismissing the case under Rule 16(f). Gayden, 178 F.R.D. at 136–37. The imposition of lesser sanctions, however, is solely at the discretion of the district court. See Bann, 108 F.3d at 627; Gayden, 178 F.R.D. at 136.

## III.  Analysis

Plaintiff moves this Court to impose sanctions against the Defendant under Rule 16(f). Dkt. No. 12. Moreover, Plaintiff seeks the most severe sanction possible, as he is requesting that default judgment be entered against Defendant.[1] Id. at 2.

Plaintiff's motion is based on conduct regarding the parties' scheduling conference and the creation of their Joint Discovery/Case Management Plan ("JDCMP"). Plaintiff alleges that, although Defendant had been aware of the requirement to confer with him about the scheduling of discovery in this case, Defendant was dilatory in its efforts to set up the conference with Plaintiff. Id. at 1. Plaintiff avers that he was forced to inform the Defendant that the deadline for submission of the JDCMP was approaching and that Defendant refused to schedule the conference prior to April 18, 2006 — less than one week before the JDCMP was due.[2] Id. Plaintiff also states that Defendant was unprepared for the conference call when Plaintiff initiated it. Id. Furthermore, Plaintiff informs the Court that Defendant responded to his settlement offer by stating "that it would be a Cold day in HELL before plaintiff would receive the said amount," and by stating that "Plaintiff was not dead." Id. at 2. Finally, Plaintiff claims that Defendant went over all of the information and told him it would provide him with the necessary paperwork for the JDCMP, but that he never

---

[1] Plaintiff phrases his request as a "motion to Settle said Law Suit." Dkt. No. 12, at 2. The Court interprets this as a request for default judgment against Defendant, as Plaintiff functionally requests the same relief as that rendered by granting a default judgment.

[2] The filing deadline for the JDCMP was April 24, 2006. Dkt. No. 5.

received any paperwork. *Id.*

Defendant responds by refuting the allegations made by Plaintiff, claiming that it complied with the requirements under Rule 26(f), and moving for dismissal of the case. Defendant begins its response by stating that "[t]here is no precedent under Federal Case law nor is there any mechanism under the Federal Rules of Civil Procedure which would allow for the Plaintiff to be granted what he is requesting in this Motion." Dkt. No. 14, at 1. Defendant then states that it held the conference with Plaintiff on April 18, 2006 and that "[d]efense counsel guided the plaintiff through the plan and an agreement was reached." *Id.* at 1–2. Defendant also denies making any statements regarding whether Plaintiff was alive or dead and states that counsel does not remember whether he "used the phrase 'cold day in hell.'" *Id.* at 3. According to Defendant, it then prepared the documents and faxed them to "Mrs. Young," a clerk at the prison where Plaintiff is located. *Id.* at 2. Defendant alleges, however, that Plaintiff refused to sign the plan and that the only explanation given for this refusal was that he disliked the wording. Dkt. No. 15, at 2. Defendant concludes by moving for dismissal of the case, based on Plaintiff's refusal to sign the JDCMP. *Id.* at 4.

After considering all of the evidence and the arguments of both parties, the Court finds that the extreme sanctions of granting judgment for the Plaintiff or granting dismissal for the Defendant are not warranted in this case. The allegations of the parties are essentially diametrically opposed. Plaintiff avers that Defendant was not aware of the conference call and was unprepared for it, that Defendant failed to negotiate in good faith, and that Defendant failed to produce the documentation it specifically represented it would send to him. Dkt. No. 12, at 1–2. Defendant, on the other hand, states that it conducted the conference as required and even guided the Plaintiff through it, that agreement was reached on the JDCMP, that it prepared the documents and sent them to Plaintiff, and that it was informed that Plaintiff refused to sign them. Dkt. No. 14, at 1–2. These arguments cannot be reconciled. Therefore, it appears that the parties' motions accomplish no more than establishing a credibility contest between the Plaintiff and defense counsel. Thus, neither party has demonstrated that lesser sanctions would be insufficient, that the other party acted

willfully or in bad faith, that there is a record of delay, that there is any aggravating factor, or even that the other party actually failed to abide by Rule 16. As both parties fail to substantiate the claims in their motions, both motions fail.

### IV.     Representations to the Court

As stated above, defense counsel has already been reprimanded and admonished in this case. See supra § I; Dkt. No. 11, at 1 n.1. The Court finds that it must, once again, consider the propriety of a representation made by defense counsel.

Counsel argues that Plaintiff's motion is unsupported by precedent or by the Federal Rules of Civil Procedure. Counsel provides no authority for this bald assertion. See Dkt. No. 14, at 1. This representation is frivolous. Rule 16(f), which forms the basis of Plaintiff's request, incorporates some of the sanctions from Rule 37. FED. R. CIV. P. 16(f) (2005). One of those sanctions is to grant default judgment in favor of the complaining party. FED. R. CIV. P. 37(b)(2)(C) (2005). If default judgment were granted in favor of Plaintiff, it would effectively grant the case for Plaintiff, which is what he requests. Furthermore, in Defendant's motion to dismiss, defense counsel "request[s] that the Court enter an Order pursuant to Rules 16(f) and 37(b)(2)(B)(C) [sic] dismissing plaintiff's case" for his failure to sign the JDCMP. Dkt. No. 15, at 4. This request, that the case be dismissed, is founded upon the same rules and essentially the same argument as Plaintiff's motion,[3] making it difficult to conclude that defense counsel could make a good faith representation that Plaintiff's requested relief has no basis in case law or the rules. See FED. R. CIV. P. 37(b)(2)(B) (2005).

### V.      Conclusion

Based on the foregoing, the Court **DENIES** Plaintiff's Motion to Grant Law Suit and Defendant's Motion to Dismiss. Dkt. Nos. 12, 15.

The Court also **ORDERS** defense counsel, Jaime Drabek, to show cause why he should not be either sanctioned or held in contempt for his representations that Plaintiff's motion is frivolous. The Court will defer the hearing on this matter until after

---

[3] Defendant's requested relief comes from the same subsection of Rule 37 as Plaintiff's and is even based on the clause which immediately precedes the clause which is the basis for Plaintiff's motion. See FED. R. CIV. P. 37(b)(2)(B) (2005).

the conclusion of the underlying case, however. Therefore, an order setting the date and time of the show cause hearing will be issued upon the conclusion of the Plaintiff's case.

    DONE at Brownsville, Texas, this 18th day of May, 2006.

                                                                          Hilda G. Tagle
                                                                          United States District Judge