IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

MAY 3 1 2006

Michael N. Milby, Clerk of Court
By Deputy Clerk _____

| | | |
|---|---|---|
| RICHARD L. DOCKUM, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. B-06-025 |
| | § | |
| WAL-MART STORES TEXAS, LP, | § | |
| | § | |
| Defendant. | § | |

## OPINION & ORDER

BE IT REMEMBERED that on May 21, 2006, the Court considered Plaintiff's Motion to Amend Missed Typed Month From March to May, Dkt. No. 16, Motion to Retract Settlement Demand After 30Days of Said Motion Being Served or Mail to Defendant(s), Dkt. No. 18, Motion to Ask for Counsel to Protect the Plaintiff Legal Rights From the Defendant(s), Dkt. No. 17, and Motion to Dismiss Defendants Motion for Plaintiff Refusal to Sign Joint Discover/Case Management Plan Under Rule 26(F), Dkt. No. 22.

Upon consideration of Docket Numbers 16 and 18, the Court finds that both of these motions must be dismissed. Plaintiff, in his Motion to Retract Settlement Demand, asks the Court to intervene in the settlement negotiations between the parties by recognizing his withdrawal of a settlement offer to Defendant. Dkt. No. 18. Plaintiff may propose and rescind settlement offers at his own convenience, so long as the Defendant does not accept the offer prior to its withdrawal. Thus, there is no reason for the Court to acknowledge Plaintiff's revocation of his offer, Dkt. No. 18, or to amend that motion, Dkt. No. 16.

In his Motion to Ask for Counsel, Plaintiff provides no evidence or allegations of his ability to pay for an attorney or of his efforts to retain an attorney. Dkt. No. 17. A finding that Plaintiff is indigent is a necessary prerequisite to the appointment of an

-1-

attorney for him.  *See* 28 U.S.C. § 1915(e)(1) (2005) ("The court may request an attorney to represent any person *unable to afford counsel.*" (emphasis added)); Johnson v. Ford, No. CA-05-223, 2006 WL 1371044, *1 (S.D. Tex. May 17, 2006); Lemarr v. Doe, No. Civ.A. L-05-167, 2006 WL 763617, *2 (S.D. Tex. March 23, 2006). Furthermore, Plaintiff is not entitled to an attorney even if he is indigent, unless there are "exceptional circumstances." *See Johnson*, 2006 WL 1371044, at *1; *Lemarr*, 2006 WL 763617, at *2.  In this case, there are no such circumstances: Plaintiff's case is not complicated, he appears capable of representing himself, and the evidence thus far does not appear to involve conflicting testimony or materials which would be difficult to investigate.  Thus, it would be inappropriate to grant Plaintiff's motion for appointment of an attorney at this time.

Finally, Plaintiff moves to dismiss the Defendant's Motion to Dismiss for Plaintiff's Failure to Sign Joint Discovery/Case Management Plan.  Dkt. Nos. 15, 22. The Court denied that motion on May 18, 2006.  Dkt. No. 19.  Therefore, Plaintiff's motion is moot.

Based on the foregoing, the Court dismisses Plaintiff's Motion to Amend Missed Typed Month From March to May as moot, Dkt. No. 16; dismisses Plaintiff's Motion to Retract Settlement Demand After 30Days of Said Motion Being Served or Mail to Defendant(s), Dkt. No. 18; denies Plaintiff's Motion to Ask for Counsel to Protect the Plaintiff Legal Rights From the Defendant(s), Dkt. No. 17; and dismisses as moot Plaintiff's Motion to Dismiss Defendants Motion for Plaintiff Refusal to Sign Joint Discover/Case Management Plan Under Rule 26(F), Dkt. No. 22.

DONE at Brownsville, Texas, this 31st day of May, 2006.

Hilda G. Tagle
United States District Judge

-2-