IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

JUN 02 2006

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| RICHARD L. DOCKUM, | § | |
| Plaintiff, | § § § | |
| v. | § | CIVIL ACTION NO. B-06-025 |
| WAL-MART STORES TEXAS, LP, | § § § | |
| Defendant. | § | |

## OPINION & ORDER

BE IT REMEMBERED that on June __, 2006, the Court **GRANTED** Defendant Wal-Mart Stores Texas, L.P.'s Motion for Summary Judgment, Dkt. No. 13, and **DENIED** Plaintiff's Motion to Dismiss Defendants Motion for Summary Judgment and Invoke Rule 94.FER.CIV.PRO [sic], Dkt. No. 23.

### I. Background

This case arises out of an accident allegedly suffered by Plaintiff on July 4, 2003 at a Wal-mart store in Brownsville, Texas. Dkt. No. 1, Ex. A, at 2. Plaintiff contends that, while shopping in the store, he fell and suffered injuries. *Id.* Plaintiff further contends that his fall occurred because he slipped on rain water which had accumulated due to leaks in the ceiling of the store. *Id.* Plaintiff also alleges that he requested assistance from a nearby store employee and that the employee and the store manager refused to help him or to call for emergency aid. *Id.* at 2–3.

Plaintiff filed suit in state court based on this event on June 29, 2005. *Id.* at 1. After receiving service of process on January 23, 2006, Defendant removed the case, based on diversity jurisdiction, on February 9, 2006. Dkt. No. 1, at 1.

Defendant moved for summary judgment on May 10, 2006, and Plaintiff responded by moving to dismiss the summary judgment motion on May 25, 2006. Dkt. Nos. 13, 23. These motions are currently before the Court.

## II.     Standard

For the Plaintiff to bring suit within the applicable statute of limitations in Texas, he must not only file the petition within the applicable period but must also serve a citation on the Defendant. Keeton v. Carrasco, 53 S.W.3d 13, 18 (Tex. App. 2001) (citations omitted); Rodriguez v. Tinsman & Houser, Inc., 13 S.W.3d 47, 49 (Tex. App. 1999) (citing Gant v. DeLeon, 786 S.W.2d 259, 260 (Tex. 1990)); Perkins v. Groff, 936 S.W.2d 661, 667–68 (Tex. App. 1996) (citing Murray v. San Jacinto Agency, Inc., 800 S.W.2d 826, 830 (Tex. 1990)). If suit is brought before the statute of limitations expires but citation is not served, the case is barred unless the Plaintiff can show that he exercised due diligence in effecting service. See Keeton, 53 S.W.3d at 18; Rodriguez, 13 S.W.3d at 49 (citing Gant, 786 S.W.2d at 260); Perkins, 936 S.W.2d at 667–68 (citing Murray, 800 S.W.2d at 830).

Determining whether or not a Plaintiff exercised due diligence is ordinarily a fact question for the jury to determine; however, there are circumstances in which it may be determined as a matter of law. See Keeton, 53 S.W.3d at 18; Rodriguez, 13 S.W.3d at 49. "A lack of diligence can be found as a matter of law only if: (1) no valid excuse for lack of service is offered; or (2) the lapse of time and the plaintiff's acts or inaction conclusively negate diligence." Keeton, 53 S.W.3d at 18; see also Rodriguez, 13 S.W.3d at 49. In Texas, unexplained delays of five to six months have consistently been found to establish a lack of diligence. See Keeton, 53 S.W.3d at 18. Furthermore, depending on the other circumstances, shorter periods have also been found to establish an absence of diligence. See id.

For the Defendant to obtain summary judgment based on a failure of service of citation, it must establish, as a matter of law, that service was not effectuated in a diligent manner. See id.; Rodriguez, 13 S.W.3d at 49. In making this determination, the Court must accept all of the Plaintiff's evidence as true. See Keeton, 53 S.W.3d at 18; Rodriguez, 13 S.W.3d at 50. Additionally, the Court will make every reasonable inference in favor of the Plaintiff. See Keeton, 53 S.W.3d at 18; Rodriguez, 13 S.W.3d at 50.

## III. Analysis

In this case, the Plaintiff allegedly suffered injuries on July 4, 2003. Dkt. No. 1, Ex. A, at 2. The statute of limitations in Texas for tort causes of action is two years. TEX. CIV. PRAC. & REM. CODE 16.003(a) (Vernon's 2005). Therefore, Plaintiff was required to file his petition on or before July 4, 2005. Plaintiff was also obliged to serve the Defendant with the citation by that same date, or at least to use due diligence to effectuate service as soon as possible after that date. See, e.g., Keeton, 53 S.W.3d at 18.

On May 10, 2006, Defendant moved for summary judgment on the basis that the Plaintiff failed to serve it with citation until January 26, 2006 — more than six months after the statute of limitations expired. Dkt. No. 13. Because a delay of six months constitutes a lack of diligence in service of citation as a matter of law, it is incumbent upon Plaintiff to provide an explanation for this delay. See Keeton, 53 S.W.3d at 18.

In response to Defendant's motion, and as his method for providing an explanation, Plaintiff filed a Motion to Dismiss Defendants [sic] Motion for Summary Judgement on May 25, 2006. Dkt. No. 23. In his motion, Plaintiff states that he did not "put the law suit togather [sic]," that he had never heard of a citation, and that he tried to find out why Defendant was taking so long to respond. Id. at 1. Plaintiff specifically avers that "he was tring [sic] to find out why and what needed tobe [sic] done." Id. Plaintiff also refers to a letter dated December 3, 2005 and discusses his efforts to obtain the address of the Defendant store as reasons for the delay in service. Id. at 2. Finally, Defendant included a FedEx Airbill dated 5/17/06, a certified mail form dated some time in October,[1] a receipt for certified mail also dated some time in October,[2] a letter to Plaintiff providing addresses for Walmart stores dated November 3, 2005, and a copy of the state court docket showing that Plaintiff requested service on December 30, 2005, all as evidence of his diligence. Dkt. No. 24, Exs. A–C.

Even assuming that all of Plaintiff's proffered evidence is true and relates to

---

[1] The actual date is illegible. See Dkt. No. 24, Ex. A.

[2] Again, the specific date is illegible. See Dkt. No. 24, Ex. A.

efforts made to effectuate service, he still fails to establish that he acted with due diligence. Plaintiff's evidence clearly shows that he undertook no activity until at earliest October of 2005. The statute of limitations expired on July 5, 2005. Thus, even accepting all of Plaintiff's evidence and allegations as true, he still undertook no efforts to serve the citation on Defendant for more than three months. The Court concludes that Plaintiff failed to exercise due diligence in service of citation, and his case is therefore barred by the statute of limitations. See, e.g., Rodriguez, 13 S.W.3d at 51; Perkins v. Groff, 936 S.W.2d 661, 668 (Tex. App. 1996).

IV. **Conclusion**

Based on the foregoing, Court **GRANTS** Defendant Wal-Mart Stores Texas, L.P.'s Motion for Summary Judgment, Dkt. No. 13, and **DENIES** Plaintiff's Motion to Dismiss Defendants Motion for Summary Judgment and Invoke Rule 94.FER.CIV.PRO [sic], Dkt. No. 23.

DONE at Brownsville, Texas, this 2 day of June, 2006.

Hilda G. Tagle
United States District Judge